TAOFI of Pago Pago, S. P. MAUGA of Pago Pago, Plaintiffs

v.

FANENE (Filo) of Pago Pago, Defendant

No. 20-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lalopua" in Pago Pago]

April 3, 1945

C. G. WYCHE, *Chief Justice;* LIUFAU, *District Judge;* and PULETU, *District Judge.*

ORDER

On 11 October 1944, Fanene (Filo) filed an application with the Attorney General of American Samoa to register certain land in the village of Pago Pago containing 44.50 acres known as LALOPUA. Notice of the application was duly posted on the bulletin board at the Administration Building for a period of sixty days as shown by the affidavit of the Marshal of the High Court.

On 13 October 1944, Taofi in behalf of himself and all the members of his family filed an objection to the registration of the title to the property by Fanene (Filo) upon the ground that he claimed title to the property by the Taofi family. On 1 November 1944, S. P. Mauga, matai of the Mauga family in behalf of himself and the members of the Mauga family, filed an objection to the registration of the title by Fanene (Filo) upon the ground that the request for registration by Fanene included part of the property owned by the Mauga family, and that the Mauga family had owned and been in possession of a large part of the land described for many years.

The case came on for trial before the High Court of American Samoa on 3 April 1945, at which time all claimants to the property appeared in court and participated in the trial. Fanene (Filo) was represented by Leauma. Mauga was represented by Saga'iga (Saipale) and Taofi acted as counsel for himself.

The evidence in the case shows that the Fanene family has been in actual possession of the land in dispute known as LALOPUA since the Government of American Samoa was organized. On September, 1906, the Governor of American Samoa enacted a law whereby all matais on the island of Tutuila were required to register their names with the Attorney General of American Samoa. In compliance with this law, the matai name, Fanene, was duly registered in October, 1906, thereby showing that the Fanene name is an old and established matai name on the island of Tutuila. The evidence further shows that the Fanene family has been in the open, notorious, hostile, adverse, actual possession of the land in dispute since the foundation of the Government of American Samoa. Fanene (Filo) does not claim title and ownership of the property in question for himself individually, but he claims the right to register the

land as community property for the benefit of himself and the Fanene family.

Taofi claims that he, personally, holds the title to the land in dispute as an heir of a former holder of the Fanene title. He claims that his parents owned this property personally and individually and not as the matai of the Fanene family. He also testifies, however, that if he held the title Fanene that he would also hold this land as communal land for the benefit of the Fanene family. The record further shows that in 1932 there was a contest in the High Court of American Samoa as to who should hold the matai name Fanene. That contest was between Taofi of Pago Pago, Tavai of Pago Pago, Pulu of Pago Pago and Filo Foster of Pago Pago. The High Court of American Samoa decided that Filo Foster was entitled to hold the name Fanene and he was thereafter registered as the matai of the family and became known as Fanene Filo. In the order deciding that case, the High Court used the following language:

"On the basis of heredity it is the unanimous opinion and decision of the court that the matai name Fanene be given to Filo and that with this name he have all the rights and privileges thereof including the lands of the Fanene family as trustee for it."

It does therefore appear that the claim of Taofi to the land in question is without foundation and that he is not entitled to this land.

Mauga rests his claim to the title to this property largely upon a decision of the High Court of American Samoa in 1904. The title of the case being *Mauga Taufaasau v. Tali, Fanene Tili, Vaivao, Talali, Leauma*, relative to land known as Siufaga in Pago Pago. A careful inspection of the record in that case will show that the land known as Siufaga does not include the land in dispute. At the very outset of that case, Mauga Taufaasau, testifies as follows:

199

"The land Siufaga is bounded by water course in Lalopua on the eastern side with Fanene and on the western side is bounded by Agagamoe on a water course also. That whole section of land is called Siufaga."

It therefore appears that Mauga Taufaasau himself placed a boundary of his land as land being owned by Fanene thereby admitting the ownership of the land in question to be in the Fanene family. The claim, therefore, which is based on the order of the court in 1904 is without any merit whatsoever.

The overwhelming evidence in this case shows that the true owner of the property in question is the Fanene family and that Fanene Filo, as the matai of this family is entitled to register this land as communal land owned by him as the matai of the family.

The land to be registered in the name of Fanene (Filo) as matai of the Fanene family is described as follows:

"For Point of Beginning commence at a concrete monument set at the Northwest corner of the U.S. Naval Cemetery Property at Satala; run thence along the Northerly boundary of said U.S. Naval Cemetery Property S. 88°20′ E. a distance of 139.44 feet to an 'X' cut in a large rock, said rock lying in a creek or drain; run thence in a Northerly direction following the meanderings of the aforementioned creek or drain and the Northerly prolongation of same, a distance of 1800 feet more or less to the top of a ridge; run thence in a Westerly direction along the top of the ridge a distance of 1000 feet; run thence in a Southerly direction along the Northerly prolongation of the centerline of a second Creek or drain and along the centerline of said creek or drain, a distance of 1800 feet more or less to a point; said point being the Northeasterly corner of land described in the Register of Native Titles, Volume I, pages 211 and 212, said land being owned by Vaivao; continue thence in a Southerly direction following the centerline of the creek or drain and along the Easterly boundary of the aforementioned Vaivao land, a distance of 200 feet more or less to a point where the centerline of said second creek or drain intersects the Northerly edge of Ocean Drive; run thence in an Easterly direction along the Northerly edge of Ocean Drive a distance of 850 feet more or less to an Iron Pin set

on the Westerly boundary of the U.S. Naval Cemetery Property; run thence N. 18°15'10' E. along the Westerly Boundary of said Cemetery Property, a distance of 141.29 feet to the concrete monument at the Point of Beginning.

The land thus described contains 44.50 acres more or less. All bearings in the above description refer to the True Meridian."

Now, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that Fanene (Filo) as the matai of the Fanene family be and he is hereby authorized to register the land described in the name of the Fanene family as communal land to be owned and held by him as the matai of that family.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that all objection to the registration of the land by Fanene (Filo) as matai of the Fanene family filed by S. P. Mauga and Taofi be and they are hereby over-ruled.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the cost in this case be fixed at $50.00, one half of which shall be paid by S. P. Mauga and one half by Taofi.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that a certified copy of this order be filed with the Attorney General of American Samoa.